UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| TAMARA SMITH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 4:19-CV-68 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| LINCOLN HEALTH SYSTEM ) | Magistrate Judge Susan K. Lee |
| d/b/a DONALSON CARE CENTER, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM & ORDER**

This matter is before the Court on Plaintiffs' response (Doc. 35) to the Court's Show Cause Order of October 26, 2020, (Doc. 32), and on a motion by Defendant (Doc. 34) to strike Plaintiffs' supplemental filing (Doc. 33) of a summons to be issued.

This action was originally filed on October 9, 2019. (Doc. 1.) A first and second amended complaint, each one adding a new party plaintiff, followed in November 2019 and March 2019. (*See* Docs. 11, 16.) On July 14, 2020, Plaintiffs filed their third amended complaint. (Doc. 27.) The third amended complaint names "Lincoln Health System d/b/a Donalson Care Center" (the "System") as a defendant for the first time.[1] (*Id.*)

More than ninety days passed after the filing of the third amended complaint without Plaintiffs' filing proof of service of process on the System. On October 26, 2020, the Court ordered Plaintiffs to show cause within fourteen days why their action should not be dismissed pursuant to

---

[1] Plaintiffs' previous three complaints named as the sole defendant "Lincoln Health System Foundation d/b/a Lincoln/Donalson Care Center" (the "Foundation"). (*See* Docs. 1, 11, 16.) On August 21, 2020, after considering Plaintiffs' statement that they wished to dismiss the Foundation and name the System as the sole defendant, the Court dismissed Plaintiffs' claims against the Foundation without prejudice under Rule 21 of the Federal Rules of Civil Procedure. (Doc. 31.)

Rule 4(m) of the Federal Rules of Civil Procedure (the "Show Cause Order"). (Doc. 32.) The Show Cause Order was the fourth such order issued in this case. (*See* Doc. 12 [Plaintiffs failed to file proof of service of process]; Doc. 25 [Plaintiffs failed to file third amended complaint as ordered]; Doc. 29 [Defendant failed to answer or Plaintiffs failed to move for entry of default].)

On November 10, 2020, fifteen days after the issuance of the Show Cause Order, Plaintiffs filed a supplement seeking issuance of a summons to the System. (*See* Doc. 33.) This was the first time Plaintiffs sought issuance of a summons to the System. On November 11, 2020, Defendant filed a motion to strike the supplement, arguing the supplement was an untimely response to the Show Cause Order. (Doc. 34.) On November 13, 2020, eighteen days after the issuance of the Show Cause Order, Plaintiffs filed a response to the Show Cause Order, asking for an additional thirty days to serve Defendant. (Doc. 35.)

The Federal Rules of Civil Procedure state as follows regarding the time for service of process and a plaintiff's failure to make timely service of process:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The rule thus "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . , and authorizes the court to relieve a plaintiff of the consequences . . . even if there is no good cause shown." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment; *see also United States v. Ninety Three Firearms*, 330 F.3d 414, 426 (6th Cir. 2003) (upon failure of timely service of process, district court has "two equally permissible options," dismissal without prejudice or extension of time for service). Relief from dismissal "may be justified, for example, if the applicable statute of

limitations would bar the refiled action . . . ." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

The Court begins with Plaintiffs' response to the Show Cause Order. Plaintiffs argue good cause requiring an extension includes, at a minimum, excusable neglect. (Doc. 35 at 2 (quoting *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992)).) Excusable neglect, in turn, includes "omissions caused by carelessness," at least in the context of motions under Rule 60. (*Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)).) Plaintiffs represent that they failed to attach a summons to the third amended complaint when it was filed '[d]ue to an oversight," but they have "subsequently" requested a summons from the Clerk of Court. (*Id.*) Plaintiffs further argue the dismissal of their action would prejudice their Title VII claims, which would no longer be timely if Plaintiffs were required to refile their action. (*Id.* at 3.) Plaintiffs argue Defendant will not be prejudiced by an extension, as Defendant has long had notice of Plaintiffs' claims, and as Plaintiffs' 42 U.S.C. § 1981 claims are still timely. (*Id.*)

Defendant's motion to strike the supplement was filed before Plaintiffs' response to the Show Cause Order, but it addresses the same subject matter. (*See* Doc. 34.) Defendant states that it is making a special appearance without waiving service of process. (*Id.* at 1.) Defendant's motion traces the procedural history of the matter, including Plaintiffs' multiple previous failures to comply with service and other deadlines imposed by the Federal Rules of Civil Procedure or the Court. (*Id.* at 1–3.) Defendant argues Plaintiffs' supplement seeking issuance of a summons is outside both the time limit of Rule 4(m) and the response deadline in the Show Cause Order. (*Id.* at 3.) Defendant asks the Court to strike the supplement and dismiss the action. (*Id.*)

3

Plaintiffs have not shown good cause for their failure to serve process within ninety days. Even assuming Plaintiffs' oversight in failing to attach a summons to the third amended complaint constituted excusable neglect and shows good cause, Plaintiffs' failures go further. Plaintiffs failed to recognize and remedy their omission for more than ninety days after they filed their third amended complaint on July 14, 2020. Plaintiffs apparently failed to recognize their omission despite the Court's August 18, 2018, order to show cause (Doc. 20), to which Defendant responded the same day, asserting it had not yet been served with process (Doc. 30). Finally, Plaintiffs have given no explanation for their failure to seek issuance of a summons until fifteen days after the Court issued an order with a fourteen-day deadline, under a rule that expressly authorizes dismissal of a complaint for an unexcused failure to comply. The Court cannot find such neglect excusable. Nor can the Court find good cause for Plaintiffs' failure not only to accomplish service of process within ninety days, but also to show the least diligence in monitoring the case and addressing orders of the Court in a timely fashion.

Even in the absence of good cause, the Court has discretion to order that service be made within a specified time. Fed. R. Civ. P. 4(m); *see also Ninety Three Firearms*, 330 F.3d at 426. Relevant factors include the length of the extension needed, whether an extension would prejudice the defendant beyond merely having to defend the action, whether the defendant had actual notice of the action, whether a dismissal without prejudice would cause substantial prejudice to the plaintiff, and whether the plaintiff has made any good-faith efforts to accomplish proper service of process. *Rojek v. Catholic Charities, Inc.*, No. 08-14492, 2009 WL 3834013, at *7 (E.D. Mich. Nov. 16, 2009) (citing *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001)).

The first four factors favor an extension. First, a relatively short extension appears to be necessary. The deadline for Plaintiffs to effect service of process was October 12, 2020, just over

4

thirty days ago. If they are diligent, it should take Plaintiffs only a few days more to obtain issuance of the summons and serve Defendant, which is a known entity doing business in this judicial district. Second, Defendant has not identified any prejudice it would suffer, nor does the Court discern any signs of prejudice to Defendant beyond what is inherent in having to defend the action. Third, Defendant has had actual notice of the action since at least August 18, 2020, when it made its first special appearance. (*See* Doc. 30.) Fourth, a dismissal without prejudice would cause substantial prejudice to Plaintiffs. An action under Title VII must be filed within ninety days of the plaintiff's receipt of a right-to-sue letter or it will be barred. *See Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998). Plaintiffs received their respective right-to-sue notices from the Equal Employment Opportunity Commission between July 12, 2019, and January 24, 2020. (Docs. 13-3, 13-5, 13-7.) A dismissal would therefore likely bar Plaintiffs' Title VII claims.

The fifth factor favors dismissal. As discussed above, Plaintiffs have not made good-faith efforts to accomplish service of process.

In weighing the foregoing factors, the Court concludes that a short extension of time is more appropriate than a dismissal without prejudice. *See Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000) (extending time for service where, among other factors, claim would otherwise have been barred by statute of limitations); *see also Rojek*, 2009 WL 3834013, at *7–8 (granting fourteen days from order for service based on similar facts).

Defendant's motion to strike (Doc. 34) is therefore **DENIED**. The Clerk of Court is **INSTRUCTED** to issue the summons (Doc. 33) forthwith. The Court **ORDERS** that service be made within **fourteen days** of the entry of this Order.

This is the second time the Court has had to exercise its discretion to protect Plaintiffs from prejudice due to the almost identical neglect of their counsel. (*See* Doc. 14 (extending time to

5

serve previous defendant to avoid prejudicing Plaintiffs' Title VII claims after Plaintiffs' late response to order to show cause).) The Court expects Plaintiffs to pursue their case from now on with diligence and in full compliance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and all orders of this Court. Plaintiffs are **ADMONISHED** that any future failure to comply may result in sanctions, including monetary sanctions against counsel and the dismissal of Plaintiffs' action.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**