UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| TAMARA SMITH, *et al.*, )<br>)<br>Plaintiffs, )<br>) 4:19-CV-68<br>v. )<br>) Judge Curtis L. Collier<br>LINCOLN HEALTH SYSTEM ) Magistrate Judge Susan K. Lee<br>d/b/a DONALSON CARE CENTER, )<br>)<br>Defendant. ) | |

## MEMORANDUM & ORDER

This matter is before the Court on its January 7, 2021, Order to Show Cause (Doc. 38) and Plaintiffs' response (Doc. 39) to that Order.

On November 19, 2020, the Court gave Plaintiffs fourteen days to serve process on Defendant. (Doc. 36.) The Court also admonished Plaintiffs that any future failure to comply with orders or applicable rules could result in sanctions.[1] (*Id.*) The Clerk of Court issued the summons Plaintiffs had previously filed (Doc. 33) on November 30, 2020. (Doc. 37.) Plaintiffs made no filings for thirty-eight days after the summons was issued. (*See* Docs. 37–38.)

On January 7, 2021, the Court ordered Plaintiffs (the "Show Cause Order") to show cause within seven days why their action should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and why other sanctions should not be imposed for Plaintiffs' failure to comply with the Court's November 19, 2020, Order (Doc. 36). (Doc. 38.)

---

[1] By that point, the Court had issued four orders to show cause in this case. (*See* Doc. 12 [Plaintiffs failed to file proof of service of process]; Doc. 25 [Plaintiffs failed to file third amended complaint as ordered]; Doc. 29 [Defendant failed to answer or Plaintiffs failed to move for entry of default]; Doc. 32 [Plaintiffs failed to file proof of service of process or move for default].)

Plaintiffs filed a timely response to the Show Cause Order on January 13, 2021. (Doc. 39.) They state that they initiated service of process the same day the summons issued by sending copies of the summons and complaint by two certified mailings with the U.S. Postal Service on November 30, 2020. (*Id.* ¶ 2.) In support, Plaintiffs have filed copies of two certified mail receipts dated November 30, 2020, along with a payment receipt showing estimated delivery dates of December 3, 2020, for both mailings.[2] (Doc. 39-1.) On December 7, 2020, Plaintiffs received notifications from the U.S. Postal Service that both mailings were delayed and still in transit. (Docs. 39 ¶ 3, 39-2, 39-3.) One of the packages was signed for by Anthony Taylor, who Plaintiffs assert is the Chairman of Defendant's Board of Trustees, on January 2, 2021. (Docs. 39 ¶¶ 6–7, 39-5, 39-6.) The other has still not been delivered. (Docs. 39 ¶ 5, 39-4.)

In the meanwhile, counsel for Plaintiffs explains that he was unable to practice law during much of this period because he became ill with COVID-19. (Doc. 39 ¶ 1.) He represents that he began to suffer symptoms of an illness on December 12, 2020, and he was confirmed to have COVID-19 on December 21, 2020. (*Id.*) He indicates that this is the first week he has been able to return to his practice on a part-time basis. (*Id.*) This illness prevented him from filing the January 2, 2021, return of service promptly after receiving it. (*Id.* ¶ 11.) Plaintiffs ask to be allowed to file the return of service now. (*Id.* ¶ 11.)

Plaintiffs' request is **GRANTED**. Plaintiffs shall **FILE** proof of service of process on or before **January 22, 2021**.

---

[2] The estimated delivery date, December 3, 2020, would have been the fourteenth day after the order extending Plaintiffs' time to serve process (Doc. 36) and the third day after the issuance of the summons (Doc. 37).

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**